**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FAIRLY ODD TREASURES, LLC,

                       Plaintiff,

         v.

                       Defendant.

Case No. 25-cv-13611

DEMAND FOR JURY TRIAL

**AMENDED COMPLAINT**

Fairly Odd Treasures, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Amended Complaint for design patent infringement under the Patent Act against █████████████████████ ("Defendant"). In support hereof, Plaintiff, states as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq. and 28 U.S.C. §§ 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial internet store operating under the Defendant Internet Store ███████████████████. on ██████████. Specifically, Defendant directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products featuring Plaintiff's patented design directly to Illinois consumers. In short, Defendant is

committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.    INTRODUCTION

3.    Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of unauthorized and unlicensed products that infringe Plaintiff's design patent (███████████████) ("███████████████████"). *See* **Exhibit 1**. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendant herein. Defendant has created internet stores ("Defendant Internet Store" or "Store") to sell imitation versions of Plaintiff's signature product to unknowing customers, and/or making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of infringing products to unknowing consumers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendant earns substantial profits from its infringing activities.

4.    Plaintiff has been forced to file this action to combat Defendant's willful infringement of Plaintiff's patented design and to protect unknowing consumers from purchasing knockoff products over the Internet. Because of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and through its loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design. Accordingly, Plaintiff seeks injunctive and monetary relief.

### III.  THE PARTIES

#### Fairly Odd Treasures, LLC

5.    Plaintiff is a North Carolina limited liability company and is the creator and seller of ███████████████ novelty gifts ("███████████████ Products") designed as novelty shot glasses that hold customer's drink of choice. Plaintiff sells these products through its ███████████████ brand, which allows consumers to purchase the genuine products through the company's Amazon storefront.

6.    ███████████████ Products are known for their distinctive patented design. Shot glasses that use this design are associated with the quality and innovation that the public has come to expect from ███████████████ products. Plaintiff uses this design in connection with its ███████████████ branded products, including, but not limited to, the following patented design:

| Patent Number: ████████ | Issue Date: ████████ |
|---|---|
| **CLAIM** ||

Figure 1

Figure 3

Figure 5

Figure 7



7.      Plaintiff is the lawful assignee of all rights, title, and interest in and to Patent Numbers ████████. The ████ patent was lawfully issued on ████████████, with the named inventor Eric Herbert. Upon information and belief, Defendant has persisted in infringing Plaintiff's patented design after the grant date of the design patent.

8.      Since Plaintiff first launched its ████████████████ branded products, which are available through its Amazon storefront,[1] Plaintiff has been and continues to heavily market and promote its unique products using its federally registered works on its website, social media, and advertisements. Its website and social media feature original content, reviews, and testimonials for ████████████████ Products.

9.      Plaintiff is the manufacturer, distributor, and retailer of ████████████████ Products. The Company is engaged in the business of distributing and retailing its high-quality novelty shot glasses within the Northern District of Illinois. Defendant's sales of the knockoff

---

[1] https://www.amazon.com/Fairly-Odd-Novelties-████████████████

4

products by using Plaintiff's patented design in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

**Defendant**

10. Defendant is an individual or entity who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within the State of Illinois and in this Judicial District, through the operation of fully interactive commercial websites or Defendant Internet Store in various online commercial marketplaces. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Illinois and this Judicial District, with Plaintiff's patented design.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

11. The success of Plaintiff's products has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has identified numerous marketplace listings on e-commerce platforms, such as but not limited to ▮▮▮▮, which includes at least Defendant Internet Store that has been offering for sale, completing sales, or shipping illegal products to consumers in this Judicial District and throughout the United States. Defendant has persisted in creating Defendant Aliases. E-commerce sales, including e-commerce internet stores like those of Defendant, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*. According to Customs and Border Patrol's ("CBP") report, from Fiscal Year (FY) 2020 to FY 2024, the total number of goods seized for IPR violations has more than doubled. In addition to seizure, CBP executed 99,959 alternative enforcement actions,

such as abandonment and destruction. *Id.* China and Hong Kong are consistently the top two for IPR seizures. In FY 2024, seizures from China and Hong Kong accounted for approximately 90% of the total quantity seized. *Id.* The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods. In FY 2024, 97% of IPR seizures in the cargo environment occurred in the de minimis shipments. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

12.     Upon information and belief, at all relevant times hereto, Defendant in this action has had full knowledge of Plaintiff's ownership of the ██████████ Design, including its exclusive right to use and license such intellectual property and the associated goodwill. Defendant Internet Store uses the same pictures to advertise their infringing products that Plaintiff uses on its website and social media, sowing further confusion among potential purchasers.

13.     Defendant has purposefully directed some portion of their infringing activities towards consumers in this District through offers to sell, sale, or shipment of knockoff goods associated with infringing works into the State.

14.     Infringers, such as Defendant here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

15.     Counterfeiters take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to

6

verification and confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendant may and does garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Illinois.

16.     Upon information and belief, Defendant, without any authorization or license from Plaintiff, has jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe ███████████████████████ Design. Each e-commerce store operating under a seller alias offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold infringing products in the United States and Illinois over the internet.

17.     Defendant's infringement of the ████████████████ Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful and is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

18.     Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling knockoff products that infringe upon ███████████████ Design unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain

names owned by Defendant that are the means by which Defendant could continue to infringe Plaintiff's intellectual property.

**COUNT I**

**INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)**

19.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18.

20.    Plaintiff is the lawful assignee of all right, title, and interest in the ███████████ ██████ Design. *See* **Exhibit 1**.

21.    Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products that infringe the ornamental design claimed in the Plaintiff's design patent either directly or under the doctrine of equivalents. See **Exhibit 4**.

22.    Defendant has been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

23.    Defendant has infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

24.    Defendant has infringed Plaintiff's design patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendant's products are substantially the same,

if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

25.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  i.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in ████████ ████████ Design;

  ii.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon ████████████████ Design; and

  iii.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b); and

B.     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Alibaba,; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such

as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendant's Domain Names; and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the ornamental design claimed in ███████████ Design;

C.  That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of Plaintiff's design patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

D.  That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of ███████████ Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.  In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendant from Defendant's infringement of ███████████ Design, pursuant to 35 U.S.C. § 289;

F.  For Judgment in favor of Plaintiff against Defendant that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

G.  For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

H.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

I.      That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: November 10, 2025                    Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com